UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KELDON B. USSIN**      **CIVIL ACTION**

**VERSUS**      **NO. 13-5042-DEK**

**OFFICER JERRY BROOME, ET AL.**

### ORDER AND REASONS

Plaintiff, Keldon B. Ussin, a state pretrial detainee, filed this civil action against Jerry Broome, Chris Tapie, Daniel Darbonne, Dustin Vinet, Ashton Gibbs, Chief of Police Arthur S. Lawson, Jr., and the Gretna Police Department. In this lawsuit, plaintiff claims that excessive force was used during his arrest on January 30, 2013.

The defendants have filed a motion asking that these federal proceedings be stayed until plaintiff's state criminal charges are resolved.[1] Plaintiff opposes that motion.[2]

In support of their motion, the defendants have provided records showing that, in connection with the arrest on January 30, 2013, plaintiff has been charged with, *inter alia*, battery of a police officer and resisting an officer in violation of La. Rev. Stat. Ann. §§ 14:34.2 and 14:108. As the defendants correctly note, plaintiff's excessive force claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), if he had already been convicted of either of those charges. See, e.g., Walter v. Horseshoe Entertainment, 483 Fed. App'x 884, 887 (5th Cir. 2012); Buckenberger v. Reed, 342 Fed. App'x 58, 64 (5th Cir. 2009); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). However,

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 45.

plaintiff is currently awaiting trial, and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007).

Nevertheless, the Supreme Court made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Under that reasoning, plaintiff's federal civil rights claims should be stayed until such time as his state criminal proceedings are concluded.

Accordingly,

**IT IS ORDERED** that the defendants' motion is **GRANTED**, that plaintiff's claims are **STAYED,** and that the Clerk of Court is directed to mark this action **CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction and that the case be restored to the trial docket upon the motion of any party once plaintiff's criminal proceedings are concluded, so that his federal civil rights claims may proceed to final disposition.

New Orleans, Louisiana, this twenty-eighth day of March, 2014.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**